# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| VENANCIO SANCHEZ-REYES,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C 12-4066-MWB<br>(No. CR 11-4069-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S MOTION PURSUANT TO SECTION 2255** |

_____

This case is before me on petitioner Venancio Sanchez-Reyes's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 2), filed on July 9, 2012. Sanchez-Reyes claims that the attorney who represented him at the trial level provided him with ineffective assistance of counsel. The respondent denies that Sanchez-Reyes is entitled to any relief on his claims.

On May 18, 2011, Sanchez-Reyes was charged by a one-count Indictment (Crim. docket no. 1) with having illegally reentered the United States. On June 1, 2011, Sanchez-Reyes, by counsel, filed a Waiver of Personal Appearance and Entry of Plea of Not Guilty (Crim. docket no. 7), entering his plea of not guilty to the Indictment.

On June 14, 2011, Sanchez-Reyes appeared before former United States Chief Magistrate Judge Paul A. Zoss to enter a guilty plea to the Indictment. *See* Crim. docket no. 18. Judge Zoss filed a Report And Recommendation To Accept Guilty Plea (docket no. 19), on June 14, 2011, recommending acceptance of Sanchez-Reyes's plea of guilty. Both parties filed waivers of objections to the Report And Recommendation later that same day. *See* Crim. docket nos. 20, 21. Therefore, also on June 14, 2011, I entered an Order (Crim. docket no. 22), accepting Sanchez-Reyes's guilty plea. Sanchez-Reyes appeared

before me on September 9, 2011, for a sentencing hearing. *See* Crim. docket no. 30. I sentenced Sanchez-Reyes to 24 months imprisonment. *See* Crim. docket nos. 30 and 31.

On July 9, 2012, Sanchez-Reyes filed a *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 2). On August 8, 2012, the respondent filed an Answer (Civ. docket no. 4). On November 15, 2012, counsel appointed to represent Sanchez-Reyes in this matter filed a Report To The Court And Motion For Permission To Withdraw (Civ. docket no. 14) and a Petitioner's Brief In Support Of Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. Section 2255 (Civ. docket no. 15). The respondent filed its Response and Memorandum In Support Of Government's Response To Defendant's Motion (Civ. docket no. 19), on February 19, 2013.

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate

a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal Habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

The "case-or-controversy" requirement imposes a limit on a federal court's jurisdiction over *habeas* cases, just as it does on a federal court's jurisdiction over other cases. *See, e.g., Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (§ 2241 *habeas* case). The "case or controversy" requirement is not met if "the question sought to be adjudicated has been mooted by subsequent developments." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). "[The] case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S.1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990)). "[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* Thus, because "judicial power depends upon the existence of a case or controversy," *see DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974), the circumstances of this case, subsequent to the filing of Sanchez-Reyes's § 2255 Motion, require me to consider whether the Motion is moot, before I consider it on the merits, even though neither party raised the issue of whether Sanchez-Reyes's § 2255 Motion is moot.

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7.

The record reveals that Sanchez-Reyes filed his § 2255 motion on July 9, 2012, *see* Civ. docket no. 2, while he was still incarcerated. When mail to Sanchez-Reyes was returned as undeliverable on April 1, 2013, however, a check of the website of the Bureau of Prisons by a deputy Clerk of Court revealed that Sanchez-Reyes was released from prison on April 19, 2013. *See* unnumbered Civ. docket entry for April 1, 2013. Thus, Sanchez-Reyes cannot rely on his continued incarceration to satisfy the "case or controversy" requirement and avoid mootness. *Compare Spencer*, 523 U.S. at 7.

Sanchez-Reyes's release from prison would not necessarily moot his § 2255 Motion, however. As the Supreme Court has explained, "Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. Even after a convict's release, the Supreme Court has been "willing to presume that a wrongful criminal conviction has continuing collateral consequences." *Id.* at 8, (citing *Sibron v. New York*, 392 U.S. 40, 55-56 (1968)); *see also Carafas v. LaVallee,* 391 U.S. 234, 238-39 (1968) (once attached, federal jurisdiction is not defeated by release of a *habeas* petitioner before *habeas* proceedings challenging conviction are completed); *accord Nyguen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (observing, in the case of a petitioner who had completed his imprisonment and supervised parole prior to the district court's adjudication of his § 2255 motion, that "'[t]he case is nevertheless not moot, because the federal conviction could have collateral consequences in the future, and [Nguyen] was still in federal custody when he instituted these § 2255 proceedings'" (citing *Clemmons v. United States,* 721 F.2d 235, 237 n.3 (8th Cir. 1983)).

The problem here is that, although Sanchez-Reyes was incarcerated at the time that he filed this § 2255 motion, he has been released from custody, and he is not challenging

4

his *conviction* in his § 2255 Motion, but only his *sentence*. *See* Motion at 4, Motion at 6, and Motion at 15. Here, Sanchez-Reyes alleges only that his trial counsel should have requested a downward departure based on Sanchez-Reyes's willingness to accept a final deportation order. Motion at 4. In his request for relief, Sanchez-Reyes requests only a [r]eduction of time of my sentencing between 1 or 2 points. . . ." Motion at 15. Sanchez-Reyes contends, in his § 2255 Motion, that his trial counsel "could have used his concession to immediate deportation as a bargaining chip with the prosecuting attorney in reaching an agreed sentence of incarceration that would have been less than 24 months." Brief at 4. At no point does Sanchez-Reyes challenge his conviction.

The Supreme Court has held that, where a *habeas* petitioner did not attack his convictions for felony offenses, and had completed his sentence, the Court would not presume collateral consequences from his parolee status alone; rather, the petitioner must prove such collateral consequences existed to keep his *habeas* petition from being moot. *See Spencer*, 523 U.S. at 8-12; *see also Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."); *Leonard v. Nix*, 55 F.3d 370, 373 (8th Cir. 1995) ("Where the allegedly illegal punishment does not produce any collateral consequences independent of the underlying conviction, the case will be mooted by physical release." (citing *Lane*, 455 U.S. at 632-33)). Because Sanchez-Reyes has challenged only his *sentence*, not his *conviction*; he has not alleged any "collateral consequences" from his *sentence*; and he has not alleged any concrete or continuing injury beyond the now-ended incarceration, his § 2255 Motion is moot. *See Lane*, 455 U.S. at 631.

THEREFORE, Sanchez-Reyes's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 2), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 13th day of June, 2013.

*Mark W. Bennett*
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA